## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**IN RE:**
**THE REPORTERS COMMITTEE**
**FOR FREEDOM OF THE PRESS, et al.**

**Misc. No. 15-0410 (ESH)**

Related Case: 02-cr-388-02
Related Case: 02-cr-388-03

## <u>ORDER TO SHOW CAUSE</u>

The Reporters Committee for Freedom of the Press ("the Reporters Committee"), CBS Broadcasting Inc. ("CBS"), Sergio Gomez, Daniel Pacheco, and Univision (collectively "the applicants") filed an Application to Unseal Court Records in Criminal Matter 02-cr-388.  (*See* Application to Unseal Court Records, April 03, 2015 [ECF No. 1].)  The applicants request that the Court unseal (1) all motions to seal and any sealing or closure orders entered by the Court; (2) any hearing transcripts; (3) any plea agreements; (4) any orders of disposition, judgment and sentencing; and (5) any other court orders.  (*See id.* at 2.)

As the applicants correctly argue, the First Amendment provides a presumptive right of access to criminal trials and other criminal proceedings.  *See Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 8 (1986) ("*Press-Enterprise II*"); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580-81 (1980); *see also* LCrR 17.2(a) ("Unless otherwise provided by law or by this Rule, all criminal proceedings, including preliminary examinations and hearings on pretrial motions, shall be held in open court and shall be available for attendance and observation by the public.").  The common law also provides a presumptive right of access to

court documents involved in the "adjudicatory process." *United States v. El-Sayegh*, 131 F.3d

158, 163 (D.C. Cir. 1997) ("What makes a document a judicial record and subjects it to the

common law right of access is the role it plays in the adjudicatory process.").

However, the public's right of access to criminal proceedings and judicial records is a

presumption, not a guarantee. *See In re Special Proceedings*, 842 F. Supp. 2d 232, 239 (D.D.C.

2012) ("Although First Amendment access to criminal proceedings is not absolute, the standard

to overcome the presumption of openness is a demanding one."). "The presumption of openness

may be overcome only by an overriding interest based on findings that closure is essential to

preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v.

Superior Court of Cal.*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*"). Similarly, under the

common law, the public has a right of access to a "public record" unless the "government's

interest in keeping the document secret" outweighs "the public's interest in disclosure."

*Washington Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996).

"When making a decision whether or not the public has the right to inspect judicial documents

under the common law test, the trial court has substantial discretion to make a decision in light of

the relevant facts and circumstances of the particular case." *In re Application of N.Y. Times Co.

for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 92 (D.D.C. 2008).

The facts and circumstances of this particular case are complex and span a number of

years. During the course of this prosecution, the case has been sealed because of overriding

interests that outweighed the public's right of access. As the case has progressed, various

documents were made public. (*See, e.g.*, Plea Agreement as to Sierra-Ramirez, Nov. 19, 2008

[ECF No. 31].) However, certain docket entries remain under seal. In light of the pending

application to unseal the records, the resolution of the proceedings, and the Court's obligation

under the law to ensure that all criminal proceedings and records be publicly accessible absent an overriding contrary interest, the Court intends to unseal all documents and proceedings for which the interests in preventing public disclosure no longer outweigh the public's presumptive right of access.

Accordingly, it is hereby

**ORDERED** that counsel for the United States and Sierra-Ramirez must review all docket entries that remain under seal.  The Court will make available in chambers the full docket and corresponding records for counsel to review in order to determine which of the remaining documents and proceedings should remain under seal in whole or in part.  Counsel shall contact chambers to arrange a date for this review; it is further

**ORDERED** that for the documents and proceedings that a party requests to remain under seal in whole or in part, the party shall, on or before May 4, 2015, show cause, as required by the overriding-interest test articulated in *Press-Enterprise I*, 464 U.S. at 510 and the LCrR 17.2(b) factors, why these documents and proceedings should remain under seal.  *See, e.g.*, *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) ("[E]vidence that the release of a plea agreement may threaten an ongoing criminal investigation, or the safety of the defendant and his family, may well be sufficient to justify sealing a plea agreement.").

**SO ORDERED**.


/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge


Date:   April 14, 2015