## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|
|
*IN RE*                                    |
                                           | **Criminal Case No.:  15-mc-410 (ESH)**
**THE REPORTERS COMMITTEE**                |
**FOR FREEDOM OF THE PRESS,**              |
                                           |
**CBS BROADCASTING INC., et al.**          | Related Case:  1:02-cr-388 (ESH)
                                           |

**JUAN SIERRA RAMIREZ'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

**COMES NOW** Juan Sierra Ramirez (hereinafter "Mr. Sierra"), by and through

undersigned counsel, and respectfully submits this response to this Honorable Court's Order to

Show Cause dated April 14, 2015.

## BACKGROUND

On April 3, 2015, various media outlets (hereinafter referred to as "Applicants") filed an

Application to Unseal Court Records in Mr. Sierra Ramirez's criminal matter (02-cr-388 (ESH))

(hereinafter "the criminal matter").  [ECF No. 1]  Specifically, Applicants sought the unsealing

of (1) all motions to seal and any sealing or closure orders entered by the Court; (2) any hearing

transcripts; (3) any plea agreements; (4) any orders of disposition, judgment and sentencing; and

(5) any other court orders.  (*Id*. at 2.)

On April 13, 2015, Mr. Sierra advised the Court that he opposed Applicants' application,

and requested the Court set a briefing schedule, as well as a date for a hearing on this matter.

The following day, the Court issued an Order to Show Cause, requiring (1) counsel for the

United States, Mr. Sierra and his co-defendant, Salvatore Mancuso, to review all sealed docket

entries in the criminal matter in order to determine which should remain under seal in whole or

in part; and (2) that for the documents and proceedings any party requests remain under seal in whole or in part, such party show cause on or before May 4, 2015 why they should remain so. [ECF No. 9]

Pursuant to the Court's Order to Show Cause, counsel for Mr. Sierra and the United States have met and reviewed the documents and proceedings that remain under seal.  For the reasons set forth below, Mr. Sierra respectfully requests that certain of such documents and proceedings continue to remain under seal.

**SEALED DOCUMENTS AND PROCEEDINGS**

Contemporaneous with this Response, Mr. Sierra has filed under seal a list of those documents and proceedings that, to the best of his knowledge, information and belief, remain sealed in his criminal matter.  Mr. Sierra consents to the unsealing of certain of those documents and proceedings.  As to the remainder, he maintains that they must remain under seal, as noted in his filing.

**ARGUMENT**

1. **Right of Access and its Limitations.**

   a. *First Amendment Right of Access*

The Constitution provides a right to an open trial that is shared by both the accused and the public with the assurance of fairness as a common concern.  *Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 7 (1980) ("*Press-Enterprise II*").  Such right is derived under both the Sixth (accused) and First (public) Amendments.  *Id.*

The First Amendment provides to the public a ***presumptive*** right of access to criminal proceedings.  *Press-Enterprise Co. I* at 8; *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580-81 (1980); *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1991).  The right of

access, however, does not automatically apply to all aspects of those proceedings.  The Supreme

Court has articulated two complementary considerations for weighing a First Amendment claim

of access:  (1) whether "the place and process have historically been open to the press and

general public," and (2) "whether public access plays a significant positive role in the

functioning of the particular process in question." *Press-Enterprise Co. I* at 8.

Even where a presumptive First Amendment right of access is established, it is not

absolute:

> …our holding today does not mean that the First Amendment
> rights of the public and representatives of the press are absolute.
> Just as a government may impose reasonable time, place and
> manner restrictions upon the use of its streets in the interest of such
> objectives as the free flow of traffic,…so may a trial judge, in the
> interest of the fair administration of justice, impose reasonable
> limitations on access to a trial.

*Richmond Newspapers* at 581 n.18.  (Internal citations omitted.)  As this Court has recognized,

however, the standard for overcoming a presumptive right of access to criminal proceedings is a

demanding one.  *See In Re Special Proceedings*, 842 F.Supp 2d 232, 239 (D.D.C. 2012).

> The presumption of openness may be overcome only by an
> overriding interest based on findings that closure is essential to
> preserve higher values and is narrowly tailored to serve that
> interest.  The interest is to be articulated along with findings
> specific enough that a reviewing court can determine whether the
> closure order was properly entered.

*Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise*

*II*").  The Court of Appeals has held the "overriding interest" test is satisfied where:

> (1) closure serves a compelling interest; (2) there is a substantial
> probability that, in the absence of closure, this compelling interest
> would be harmed; and (3) there are no alternatives to closure that
> would adequately protect the compelling interest.

*Washington Post* at 290 (Internal quotations and citations omitted.); *see also Brice* at 796.

###### b.      *Common Law Right of Access*

Likewise, a presumptive right of access to judicial records involved in the adjudicatory process also exists under common law.  *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997).  Even under a common law theory, however, that right is not unfettered and is left to the sound discretion of the trial court.  "The decision whether to seal a judicial proceeding under the common law standard is 'left to the **sound discretion of the trial court**, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'"  *United States v. Brice*, 649 F.3d 793, 798 (D.C. Cir. 2011) (quoting *Nixon v. Warner Communications, Inc.* 435 U.S 589, 599 (1978)) (emphasis added).

Where a claim of common law right of access to judicial records is made, a trial court must first assess whether the document sought is, in fact, a judicial record.  *See Washington Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 902 (D.C. Cir. 1996).  Not all documents filed with the court are judicial records.  *See S.E.C. v. American Intern. Group*, 712 F.3d 1, 3 (D.C. Cir. 2013).  Whether something constitutes a judicial record depends upon the role it plays in the adjudicatory process.  *El-Sayegh* at 160-61.  After determining that a document constitutes a judicial record, a court then must proceed to a second step: balancing the public's right of access against the interests favoring nondisclosure.  *In Re Fort Totten Metrorail Cases*, 960 F.Supp 2d 2, 6 (D.C. Cir. 2013) (citing *Washington Legal Found.* at 902).

The Court of Appeals identified six factors to be considered by a court during that balancing test:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the

judicial proceedings.

*United States v. Hubbard,* 650 F.2d 293, 317-22 (D.C. Cir. 1980).

> **2.     Certain Documents and Proceedings Must Remain Under Seal.**

As set forth more fully in Mr. Sierra's contemporaneous sealed filing, certain documents and proceedings in his criminal matter must remain under seal because they implicate compelling interests that must be protected.

Applying the overriding interest test articulated in *"Press-Enterprise II"* and explained by the Court of Appeals in *Washington Post,* the continued closure of those documents and proceedings serves the compelling interests set forth in Mr. Sierra's filing. Moreover, given the nature of those compelling interests, they would most certainly be harmed in the absence of closure. Finally, no alternative to closure exists that would adequately protect the compelling interests articulated. *See Washington Post* at 290.

In addition, even under the common law's balancing test standard, Mr. Sierra maintains the Court should exercise its sound discretion and order that those documents and proceedings must remain under seal. The nature of the compelling interests that would be prejudiced should those documents and proceedings be unsealed far outweigh the public's right of access thereto.

**WHEREFORE** for the reasons set forth herein, as well as others that may become apparent at a hearing on this matter, Juan Sierra Ramirez respectfully requests that certain documents and proceedings, as set forth in his contemporaneous filing, remain under seal.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By: _____
Manuel J. Retureta, Esq.
Washington, D.C. Bar #430006
300 New Jersey Ave., NW, Suite 900
Washington, D.C.  20001
O - 202.450.6119  /  F – 202.783.9119
MJR@RETURETAWASSEM.COM

*Counsel for Juan Carlos Sierra Ramirez*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing pleading was filed via the Court's ECF system on this 4th day of May 2015.

_____
Manuel J. Retureta, Esq.