UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br>THE REPORTERS COMMITTEE<br>FOR FREEDOM OF THE PRESS, et al. | Misc. No. 15-0410 (ESH)<br><br>Related Case: 02-cr-388-03 |

## ORDER

On April 14, 2015, the Court ordered Juan Carlos Sierra-Ramirez to review the documents that remained under seal in *U.S. v. Sierra-Ramirez*, 02-cr-388-03, and to show cause why these documents and proceedings should remain under seal. (*See* Order, April 14, 2015 [ECF No. 9].) Mr. Sierra complied with the Order (*see* Response to Show Cause, May 4, 2015 [ECF No. 11]), and the Court unsealed a significant number of documents and docket entries. (*See* Min. Order, June 8, 2015; *see also* Order, 02-cr-388-03, June 8, 2015 [ECF No. 197].)

Many of the documents that Mr. Sierra seeks to keep under seal implicate compelling interests that must be protected, including "(1) information contained within the documents and proceedings that would impact the safety and security of Mr. Sierra and his family . . . ; (2) descriptions and details of ongoing investigations and criminal prosecutions that would be severely prejudiced should they be made open to the public; and (3) information that should it be made open to the public would implicate the privacy rights of Mr. Sierra and his family." (Response to Show Cause at 1.) However, some of the documents Mr. Sierra requested to remain under seal do not appear to meet the overriding-interest test articulated in *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984) ("The presumption of

openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and *is narrowly tailored to serve that interest*.") (emphasis added). For example, documents that contain only a brief reference to information that may implicate Mr. Sierra's compelling interests may easily be redacted and refiled on the public docket. Specifically, the Court has identified at least six documents which should possibly be redacted or unsealed in their entirety. (*See* Exhibit A hereto, SEALED.)

Accordingly, it is hereby

**ORDERED** that Mr. Sierra review the documents identified in Exhibit A, and if he believes any of these documents should remain under seal in their entirety or in part, provide the Court by August 26, 2015, with specific reasons why each document should be sealed in whole or filed with redactions; it is further

**ORDERED** that any proposed redactions shall be attached as sealed exhibits to Mr. Sierra's response.

**SO ORDERED**.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   August 12, 2015