UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br>THE REPORTERS COMMITTEE<br>FOR FREEDOM OF THE PRESS, et al. | Misc. No. 15-0410 (ESH)<br><br>Related Cases: 02-cr-388-02<br>02-cr-388-03 |

## MEMORANDUM OPINION

The Reporters Committee for Freedom of the Press, CBS Broadcasting Inc., Sergio Gomez, Daniel Pacheco, and Univision (collectively "the applicants") filed an Application to Unseal Court Records in Criminal Matter 02-cr-388. (*See* Application to Unseal Court Records, April 03, 2015 [ECF No. 1] "App.".) The applicants request that the Court unseal (1) all motions to seal and any sealing or closure orders entered by the Court; (2) any hearing transcripts; (3) any plea agreements; (4) any orders of disposition, judgment and sentencing; and (5) any other court orders. (*See id.* at 2.) Interested parties in the above-captioned case (*i.e.*, defendants in *U.S. v. Salvatore Mancuso-Gomez, et al.*, 02-cr-388—Salvatore Mancuso-Gomez and Juan Sierra Ramirez) oppose this application. On May 18, 2015, applicants filed a Motion to Clarify Orders, requesting that the Court identify the documents that remain under seal and justify the continued sealing of certain documents. (*See* Mot. to Clarify, May 18, 2015 [ECF No. 17] at 1.) For the following reasons, the application and the motion are granted in part and denied in part.

### BACKGROUND

On April 3, 2015, applicants filed this miscellaneous action requesting the Court to enter an "Order directing the Clerk of Court to enter all filings, orders, and other entries related to the

criminal prosecutions of [Salvatore Mancuso-Gomez] and [Juan] Sierra Ramirez on the public docket." (App. at 4.) On April 14, 2015, the Court ordered Mancuso-Gomez and Sierra Ramirez to show cause why any documents and proceedings that were under seal at that time should remain under seal. (*See* Orders to Show Cause, Apr. 14, 2015 [ECF Nos. 8 & 9].) The parties submitted responses consenting to the unsealing of the majority of filings. However, both defendants and the government requested that a limited number of documents remain under seal. (*See* 15-mc-410, Response to Order to Show Cause by Juan Sierra Ramirez, May 4, 2015 [ECF No. 11]; 02-cr-388-02, Request Doc. Remain Under Seal by United States, May 5, 2015 [ECF No. 152]; 02-cr-388-02, Request to Maintain Doc. Under Seal by Salvatore Mancuso-Gomez, May 5, 2015 [ECF No. 154].)

Upon consideration of the responses filed by Mancuso-Gomez, Sierra Ramirez, and the government, the Court unsealed numerous filings. On May 5, 2015, the Court ordered that all filings in *U.S. v. Mancuso-Gomez*, 02-cr-388-02, be unsealed except for the government's sentencing memorandum and motion pursuant to U.S.S.G. 5K1.1 (Feb. 18, 2015 [ECF Nos. 114-115]) and defendant's memorandum in aid of sentencing and motion pursuant to U.S.S.G. section 5K1.1. (Mar. 31, 2015, Ex. To Mot. for Leave to File Doc. [ECF No. 131] Under Seal, [ECF No. 130-2]; Apr. 1, 2015 [ECF No. 131]; *see* Order, May 5, 2015 [ECF No. 156].) On that same date, the Court ordered that certain filings in *U.S. v. Sierra Ramirez*, 02-cr-388-03, be unsealed and that the remaining documents and proceedings remain under seal pending further order of the Court. (*See* Order, May 5, 2015 [ECF No. 155].)

With respect to the documents that remained under seal in *U.S. v. Salvatore Mancuso-Gomez,* on June 10, 2015, the Court ordered the parties in open court to file proposed redactions. (*See* 02-cr-388-02, Sent. Tr., June 10, 2015 [ECF No. 223] at 5.) The government filed a Motion

to Clarify and Redact Underseal Documents on July 8, 2015 (*see* 02-cr-388-02, Mot., July 08, 2015 [ECF No. 227]), and defendant filed proposed redactions on July 10, 2015.  (*See* 02-cr-388-02, Redacted Doc., July 10, 2015 [ECF No. 229].)  On September 9, 2015, the Court approved the proposed redactions and ordered the redacted documents be filed on the public docket.  (*See* 02-cr-388-02, Order, Sept. 9, 2015 [ECF No. 231].)

With respect to the documents that remained under seal in *U.S. v. Sierra Ramirez*, the Court recognized that "[m]any of the documents . . . under seal implicate compelling interests that must be protected," but indicated that some of the documents should be redacted or unsealed in their entirety.  (15-mc-410, Order, Aug. 12, 2015 [ECF No. 22] at 1.)  The Court ordered Sierra Ramirez to review certain filings and to show cause why these filings should remain under seal.  (*See id.* at 2.)  On September 9, 2015, the Court unsealed in part or in *toto* all of the documents identified in its August 12, 2015 Order.  (*See* 02-cr-388-03, Order, Sept. 9, 2015 [ECF No. 232].)

The Court has reviewed the limited documents and proceedings that remain under seal, and concludes for the reasons set forth below that no further filings must be unsealed.

**ANALYSIS**

**I.      LEGAL STANDARD**

The First Amendment provides a presumptive right of access to criminal trials and other criminal proceedings.  *See Press-Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 8 (1986) ("*Press-Enterprise II*"); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580-81 (1980); *see also* LCrR 17.2(a) ("Unless otherwise provided by law or by this Rule, all criminal proceedings, including preliminary examinations and hearings on pretrial motions, shall be held in open court and shall be available for attendance and observation by the public.").  The

common law also provides a presumptive right of access to court documents involved in the "adjudicatory process." *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) ("What makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process.").

However, the public's right of access to criminal proceedings and judicial records is a presumption, not a guarantee. *See In re Special Proceedings*, 842 F. Supp. 2d 232, 239 (D.D.C. 2012) ("Although First Amendment access to criminal proceedings is not absolute, the standard to overcome the presumption of openness is a demanding one."). "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*"). Similarly, under the common law, the public has a right of access to a "public record" unless the "government's interest in keeping the document secret" outweighs "the public's interest in disclosure." *Washington Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996). "When making a decision whether or not the public has the right to inspect judicial documents under the common law test, the trial court has substantial discretion to make a decision in light of the relevant facts and circumstances of the particular case." *In re Application of N.Y. Times Co. for Access to Certain Sealed Court Records*, 585 F. Supp. 2d 83, 92 (D.D.C. 2008).

**II.    OVERRIDING INTERESTS**

Upon consideration of the entire record and the submissions of the parties in the miscellaneous case and the underlying criminal cases, the Court finds that the filings that remain under seal in *U.S. v. Salvatore Mancuso-Gomez, et al.* contain information regarding ongoing investigations that, if revealed, would compromise the safety of law enforcement officials,

personal details regarding minor children and other family members, and facts underlying motions for a § 5K1.1 departure that could jeopardize the safety of defendants and their families.[1]  The Court finds that disclosure of this information will put the safety of several individuals, including law enforcement officials and defendants and their families at risk.  Courts have held that safety concerns may be a compelling interest that overrides the public's right of access to information.  *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991) (listing physical safety of an individual as an example of an extraordinary case that may warrant sealing a plea agreement); *U.S. v. McCraney,* No. 14-1, 2015 WL 1738091, at *2 (Apr. 13, 2015 E.D. Tex.) ("[C]ourts have noted safety concerns as overriding interests that outweigh the presumption of public access to judicial records."); *U.S. v. Haller*, 837 F.2d 84, 85-89 (2d Cir. 1988) (redaction of cooperation language in the plea agreement to protect safety of a defendant was appropriate).

      Accordingly, the Court concludes that defendants and the United States have made a sufficient showing of overriding interests that outweigh the public's right of access to a limited number of documents or portions thereof and proceedings.  The continued sealing of the limited filings is narrowly tailored and necessary to protect these overriding interests.  No alternatives exist to protect these interests.[2]

---

[1] In its Motion to Clarify, the applicants request that the Court identify the filings in *U.S. v. Sierra Ramirez* that remain under seal and justify the continued sealing of certain documents. (*See* Mot. to Clarify at 4, 6.)  The Court has provided its reasoning for the continued sealing of certain documents in this Memorandum Opinion, however, the Court finds that even the identification of the filings implicate the overriding compelling interests of the defendant.  Thus, the Court denies in part applicants' Motion to Clarify as to their request for the Court to identify the sealed documents in *U.S. v. Sierra Ramirez*.

[2] Documents that contain only brief references to information that would implicate these interests have been redacted and filed on the public docket.

**CONCLUSION**

For the foregoing reasons the Application for Unsealing is granted to the extent that the Court has unsealed numerous filings in *U.S. v. Salvatore Mancuso-Gomez, et al.* and denied to the extent that the remaining documents shall remain under seal.  The Motion to Clarify is also granted in part and denied in part.  A separate Order accompanies this Memorandum Opinion.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   September 10, 2015